IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Christopher Henry Young

    Plaintiff,                       No. CIV S-05-0736 FCD CMK P

    vs.

Transportation Deputy Sheriff I, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        A review of the docket indicates that plaintiff originally requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, instead of attaching a certified trust statement, as required, plaintiff attached six months worth of printouts of his prison account statements. Plaintiff also included a declaration stating that he had repeatedly asked the inmate trust account office at Pleasant Valley State prison to send him a copy of his certified trust account statement and was "repeatedly told that they do not give inmates certified copies."

        On May 10, 2005, the court filed an order directing plaintiff to submit a certified copy of his prison account statement or the appropriate filing fee. On May 18, 2005, plaintiff submitted a request for fee information, again stating that he was unable to obtain a certified

copy of his prison account statement. On June 9, 2005, the court again ordered plaintiff to either submit a certified copy of his prison trust account statement or pay the filing fee in full. On July 14, 2005, plaintiff submitted the $250 filing fee.

A review of the printouts that plaintiff attached to his application to proceed in forma pauperis reveals that the balance for the past six months is never greater than $11.97. Plaintiff's difficulties in obtaining a certified copy of his prison trust account may stem from him asking the inmate trust account office to provide the statement directly to him.[1] The inmate trust account office is not required to provide a certified statement directly to an inmate. However, it should provide a copy of the prisoner's certified trust account statement to the court when a prisoner so requests.

In light of the balance reflected on prisoner's trust account printouts, the court grants plaintiff an additional opportunity to file a certified copy of his prisoner trust account statement and be granted in forma pauperis status.[2]

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall, within thirty days, request that the inmate trust account office provide the court with a certified

///
///
///
///

---

[1] The court notes that it is unclear why the inmate trust account office did not inform plaintiff that while it could not directly provide him with a copy of his trust account statement, it could provide said copy to the court. Surely, given the volume of prisoner litigation in this district, the prison trust account office is familiar with requests for certified copies of trust account statements to accompany in forma pauperis requests.

[2] Although plaintiff has already paid the filing fee, this is of little consequence to proceeding in forma pauperis, as prisoners are required to pay the full amount of a filing fee regardless of in forma pauperis status. 28 U.S.C. § 1915(b)(1). In the present case, in forma pauperis status will benefit plaintiff as by allowing him to effect service of his complaint through the United States Marshal.

1  copy of his prison trust account statement for the six month period immediately proceeding the
2  filing of his complaint. Failure to comply with this order will result in a denial of plaintiff's
3  request to proceed in forma pauperis.
4  DATED: July 21, 2005.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE