1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   Christopher Henry Young

11          Plaintiff,                    No. CIV S-05-0736 FCD CMK P

12      vs.

13   Transportation Deputy Sheriff I, et al.

14          Defendants.          <u>ORDER</u>

15   _____/

16          Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. This

17   proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

18   Pending before the court are plaintiff's request to proceed in forma pauperis pursuant to 28

19   U.S.C. § 1915 (doc. 2) and plaintiff's first amended complaint.  (Doc. 9.)

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).[1]   Accordingly, the request to proceed in forma pauperis will be granted.  The

22   court notes that plaintiff has already paid the $250.00 filing fee.  The grant of in forma pauperis

23   status does not entitle plaintiff to a refund of his filing fee.  It does, however, entitle plaintiff to

24
       _____

25          [1]Plaintiff has had trouble obtaining a correct certified trust copy of his prison trust
     account statement for the six months preceding the filing of this complaint.  However, plaintiff
26   has submitted a certified statement from prison officials and information regarding his trust
     account, which the court deems satisfactory for proceeding in forma pauperis.

1  have his complaint served, without cost, by the United States Marshal Service.

2          The court is required to screen complaints brought by prisoners seeking relief

3  against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.

4  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

5  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

6  be granted, or that seek monetary relief from a defendant who is immune from such relief. See

7  28 U.S.C. § 1915A(b)(1),(2).

8          A claim is legally frivolous when it lacks an arguable basis either in law or in

9  fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

10  1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based

11  on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

12  See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however

13  inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d

14  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

15          A complaint, or portion thereof, should only be dismissed for failure to state a

16  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

17  of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &

18  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

19  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a

20  complaint under this standard, the court must accept as true the allegations of the complaint in

21  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

22  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

23  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

24  **I.      Background**

25          Plaintiff names the following as defendants: Transportation Deputy Sheriff (TDS)

26  1; TDS 2; the sallyport guard, J. Doe 1; J. Does 2-5; J. Hurl, CDC sergeant at Pleasant Valley

State Prison; Paul T. Ward, Associate Warden a Pleasant Valley State Prison; J. Does 6-10; Jeanne S. Woodford, Director of the California Department of Corrections; C.J Shepra, Captain Custody Division, San Joaquin County Sheriff; Robert Heidelbach, Sheriff-Corner,; J. Doe 11, Warden of Deuel Vocational Institute; and J. Does 12-15, unknown supervisors.  Plaintiff brings three claims for relief.  His first and third claim arise from the same nucleus of operative facts. His second claim is completely unrelated.  For the sake of clarity, the court discusses plaintiff's first and third claims together.

In his first claim, plaintiff, who is Caucasian, claims that, in May 2004, he was transported from San Joaquin County Court to Deuel Vocational Institute (DVI) by defendants TDS 1 and TDS 2 in a Sheriff's Department van.  Plaintiff, another inmate, and an Hispanic inmate, who was a member of the "northerner gang" were in the van.  All inmates were restrained with shackles.  Plaintiff states that when the van arrived at DVI, it was required to stop in a "sallyport" for security purposes.  Plaintiff claims that defendant sallyport guard, J. Doe 1, told defendants TDS 1 and TDS 2 that plaintiff should not be riding in a van with a northerner gang member because northerners assaulted Caucasian inmates "whenever they got the opportunity."  Plaintiff states that defendants TDS 1 and TDS 2 ignored defendant J. Doe 1's warning and proceeded into DVI to the receiving and release facility.

Plaintiff states that on the trip to receiving and release, the northerner assaulted him in the back of the van, breaking plaintiff's finger and causing other injuries.  Plaintiff states that the assault lasted "over a minute."  He states that neither TDS 1 nor TDS 2 made any attempt to stop the assault.

Plaintiff states that all inmates received at DVI are required to see a nurse.  When plaintiff saw a nurse upon his arrival at DVI, he showed the nurse his injuries from the transport van assault.  Plaintiff claims that the nurse issued a ducat (meaning a pass) to go to sick call the next day.  The next day, plaintiff informed the guards at DVI that he needed to go to sick call and showed them his ducat.  Plaintiff states that he was told that he was not allowed to attend

3

sick call because "it was northerner day."  Plaintiff states that he was never called for sick call and was transferred out of DVI a few days later.

As to TDS 1, TDS 2 , J. Doe 1 and J. Does 2-5, plaintiff assigns liability based on violations of the Fifth, Eighth and Fourteenth Amendments.  He alleges that he was denied due process of law and subjected to cruel and unusual punishment.

Plaintiff's third claim is against defendants Woodford, Serpa, Heidelbach, and J. Doe 11 and J. Does 12-15.  He alleges that these defendants are liable for his injuries arising from the assault in the transport van by virtue of their supervisory capacities and their failure to train the officers directly involved in plaintiff's transport.

Plaintiff's second claim arises out of events which occurred at Pleasantville State Prison.  Plaintiff states that inmates were advised that, effective January 2004, inmates could not receive certain items in care packages, such as clothing, food supplements, hygiene products and tobacco.  Therefore, any packages containing such items had to be postmarked by December 31, 2003.  Plaintiff states that he requested a package, which contained the prohibited items, be sent to him.  Plaintiff states that he invested $400 dollars in the contents of this package.  Plaintiff alleges that in December 2003, he was temporarily released to the custody of Tuolumne County for Court.  Plaintiff, therefore, was not at the prison to receive his package, which he claims was postmarked December 31, 2003.  Plaintiff states that prison rules dictate that, in such a circumstance, the package will be held for sixty days or forwarded to the agency that has custody of the inmate.  Plaintiff claims that because prison officials failed to follow their procedures he was denied his property without due process in violation of the Fourteenth and Fifth Amendments.

## II.    Discussion

Plaintiff's amended complaint suffers from several defects.  The first and third claims of the amended complaint do not give fair notice and succinctly state the elements of plaintiff's claim as required by Fed. R. Civ. P. 8(a)(2).  Next, the substantive allegations of the

1  second claim of the amended complaint fail to state a claim upon which the court can grant

2  relief.

3     A.     **Plaintiff's First and Third Claims**

4        Although the Federal Rules adopt a flexible pleading policy, a complaint must

5  give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community

6  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

7  degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

8  In other words, plaintiff must put enough information in his complaint to allow the opposing

9  party and the court to ascertain who plaintiff brings claims against and exactly what each

10  defendant did to deprive plaintiff of his civil rights. Although courts are required to liberally

11  construe a pro se litigants complaint, this rule applies only to factual allegations.  "[A] liberal

12  interpretation of a civil rights complaint may not supply essential elements of the claim that were

13  not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).

14        Plaintiff fails to provide the name of any defendant listed in his first claim.

15  Plaintiff states that he plans to discover the names of all defendants through the discovery

16  process. However, in order to utilize this strategy, plaintiff must provide the name of at least one

17  defendant.  A complaint which lists no named defendant fails to give fair notice in accordance

18  with Federal Rule of Civil Procedure 8(a)(2).   Additionally, plaintiff's claims against J. Does 2-

19  5 are so vague and conclusory that the court is unable to determine if they fail to state a claim or

20  are frivolous.  Plaintiff will be provided with an opportunity to amend the first claim of his

21  complaint in a manner consistent with the foregoing standard.

22        Supervisory personnel are generally not liable under 42 U.S.C. § 1983 for the

23  actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(citation

24  omitted).  A supervisor is only liable for the constitutional violations of subordinates if the

25  supervisor participated in or directed the violations, or knew or the violations and failed to act to

26  prevent them.  See id.  When a defendant holds a supervisory position, the causal link between

1  him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley,

2  607 F.2d 858, 862 (9th Cir. 1979).  Vague and conclusory allegations concerning the

3  involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v.

4  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5         Plaintiff alleges that Woodford, Serpa, Heidelbach, and J. Doe 11 and J. Does 12-

6  15 are liable for deprivations of his civil rights by virtue of their supervisory positions.  Plaintiff

7  will be provided an opportunity to amend the third claim of his complaint in a manner consistent

8  with the forgoing standard.  Plaintiff is again cautioned that he must make every effort to

9  provide the names of defendants that he wishes to hold liable in any amended complaint.

10       **B.     Plaintiff's Second Claim**

11              The United States Supreme Court has held that "an unauthorized intentional

12  deprivation of property by a state employee does not constitute a violation of the procedural

13  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post

14  deprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

15  Thus, where the state provides a meaningful post deprivation remedy, only authorized,

16  intentional deprivations constitute actionable violations of the Due Process Clause.  An

17  authorized deprivation is one carried out pursuant to established state procedures, regulations, or

18  statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

19  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

20       In the instant case, plaintiff has not alleged any facts which suggest that the

21  deprivation was authorized.  The California Legislature has provided a remedy for tort claims

22  against public officials in the California Government Code, §§ 900, et seq.  Since plaintiff has

23  not attempted to seek redress in the state system, he cannot sue in federal court on the claim that

24  the state deprived him of property without due process of the law.  Plaintiff will be given an

25  opportunity to omit his claim that he was deprived of his property without due process of law in

26  violation of the Fourteenth Amendment from any amended complaint.  However, should such

1    claim persist, the court will recommend dismissal on the grounds that the complaint is frivolous.

2    **III.    Conclusion**

3         Because it is possible that the deficiencies identified in this order may be cured by

4    amendment, plaintiff is given leave to amend his complaint prior to dismissal of this action.  See

5    Lopez, 203 F.3d at 1126, 1131.  Plaintiff is informed that the court cannot refer to a prior

6    pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220

7    requires that an amended complaint be complete in itself without reference to any prior pleading.

8    This is because, as a general rule, an amended complaint supersedes the original complaint.  See

9    Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint,

10   the original pleading no longer serves any function in the case.  Therefore, in a second amended

11   complaint, as in an original complaint, each claim and the involvement of each defendant must

12   be sufficiently alleged.   All claims alleged in the original complaint which are not alleged in the

13   amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

14        If plaintiff chooses to file a second amended complaint, plaintiff must

15   demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

16   constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second

17   amended complaint must allege in specific terms how each named defendant is involved.  There

18   can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

19   between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362

20   (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

21   743 (9th Cir. 1978).

22        Finally, plaintiff is warned that failure to file an amended complaint within the

23   time provided in this order may be grounds for dismissal of this action.  See Ferdik v. Bonzelet,

24   963 F.2d 1258, 1260-61 (9th Cir. 1992); Local Rule 11-110.

25        Accordingly, IT IS HEREBY ORDERED that:

26        1.  Plaintiff's request to proceed in forma pauperis (doc. 2) is granted;

7

1        2.  Plaintiff's amended complaint (doc. 9) is dismissed with leave to amend; and

2        3.  Plaintiff shall file a second amended complaint within thirty days of the date of

3  service of this order.

4  DATED:   December 4, 2005.

5

6                              **CRAIG M. KELLISON**

7                              UNITED STATES MAGISTRATE JUDGE