IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Christopher Henry Young

Plaintiff, No. CIV S-05-0736 FCD CMK P

vs.

Transportation Deputy Sheriff I, et al.

Defendants. ORDER

______________________________/

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). By order filed December 7, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**I. Background**

Plaintiff names the following as defendants in his amended complaint: San Joaquin County Deputy Sheriff Transportation Officer I (TDS I), San Joaquin County Deputy Sheriff Transportation Officer II (TDS II), J. Does 1-5, Jeanne Woodford, C.J. Serpa, Robert Heidelbach, J.Doe 11, Warden of Deuel Vocational Institute (DVI), and J. Does 12-15, unknown supervisors.

Plaintiff brings two claims for relief. Plaintiff's first claim for relief is that

Transportation Officers I and II and Does 1-5[1] violated his Eighth and Fourteenth Amendment rights. Plaintiff's second claim is that Jeanne Woodford, C.J. Serpa, Robert Heidelbach, J.Doe 11, Warden of Deuel Vocational Institute (DVI), and J. Does 12-15, unknown supervisors failed to properly train defendants TDS I and II and J. Does 1-10, resulting in injuries to plaintiff.

In his first claim, plaintiff, who is Caucasian, alleges that he was transported from San Joaquin County Court to DVI by defendants TDS I and II in a Sheriff's Department van. Plaintiff, another inmate, and an Hispanic inmate, who was a member of the "northerner gang" were in the van. All inmates had restrictive wrist and feet shackles. Upon entering the prison sallyport, defendants TDS I and II identified their prisoners. The sallyport guard told the deputies driving the van that plaintiff should not be in the van with a "northerner." Defendants TDS I and II ignored the guard's warning.

During the approximately two minute drive from the sallyport to the prisoner receiving area, the "northerner" attacked plaintiff. The northerner struck plaintiff with several blows and head-butted plaintiff. This caused numerous injuries to plaintiff, including internal injuries to plaintiff's mouth, breaking plaintiff's dentures, and head and torso trauma. The assault continued for over a minute, until defendants TDS I and II stopped the van at the receiving area, opened the van door and pulled plaintiff out.

Upon entering the receiving area, plaintiff showed a prison medical technical assistant (MTA) his injuries. The MTA issued a pass (called a ducat) for plaintiff to attend sick call in the morning. Plaintiff informed the guards the next morning that he needed to attend sick call. The guards told him that it was "northerner" day and that plaintiff would be called for sick call another day. Plaintiff was transferred out of DVI a few days later without ever having been called for a sick call.

---

[1]In his complaint plaintiff asserts that defendants include CDC employees J. Does 1-10, however, in the written portion of his complaint, plaintiff references CDC employees J. Does 1-5. In claim two he alleges claims against J. Does 11 and J. Does 12-15. Accordingly the court assumes that plaintiff means to assert claims against only 5 unnamed CDC employees.

Plaintiff alleges that these actions violated the Fourteenth Amendment by denying him due process of law and violated the Eight Amendment by subjecting him to cruel and unusual punishment and deliberate indifference.

In his second claim, plaintiff asserts that Jeanne Woodford, C.J. Serpa, Robert Heidelbach, J.Doe 11, Warden of Deuel Vocational Institute (DVI), and J. Does 12-15, unknown supervisors failed to properly train defendants TDS I and II and J. Does 1-10, which was the proximate cause of plaintiff's injuries. Plaintiff asserts that failure to properly train sheriff's department and prison employees violated his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment.

**II. Discussion**

Pursuant to the Eighth Amendment, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of that duty, a prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a Fourteenth Amendment due process claim, a plaintiff must demonstrate that a constitutionally protected liberty interest or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672 (1977).

If the allegations of plaintiff's complaints against defendant TDS I, defendant TDS II and defendant sallyport guard (presumably J. Doe 1) are proven true, plaintiff has a reasonable opportunity to prevail on the merits of his Eight Amendment Claim. Accordingly, the complaint states a colorable Eighth Amendment claim for relief against defendant TDS I, defendant TDS II and defendant sallyport guard (presumably J. Doe 1) pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Plaintiff does not however, state a cognizable Fourteenth Amendment due process claim against defendant TDS I, defendant TDS II and defendant sallyport guard (presumably J. Doe 1).

The court notes that doe defendants, such as TDS I, TDS II and J.Doe 1, are not favored in the Ninth Circuit as a general policy. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980); Velasquez v. Senko 643 F.Supp. 1172, 1180 (N.D.Cal.1986). However, situations arise, such as the present, where the identity of defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. See Gillespie, 629 F.2d at 642. Accordingly, the court will allow plaintiff to proceed without amending his complaint to name the unknown defendants.[2] Plaintiff is cautioned, however, he is responsible for providing enough information to the United States Marshal Service to serve all defendants in this action. Failure to provide proper information for service of a complaint will result in an recommendation that this action be dismissed with regard to those defendants.

Plaintiff fails to state a cognizable claim against defendants J. Does 2-5. Presumably, J. Does 2-5 are CDC employees who failed to allow plaintiff to go to sick call. When a prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)(overruled on other grounds). Here, plaintiff makes no allegation that the delay in medical care lead to further injury.

Plaintiff fails to state a cognizable claim against defendants Jeanne Woodford, C.J. Serpa, Robert Heidelbach, J.Doe 11, Warden of Deuel Vocational Institute (DVI), and J. Does 12-15, unknown supervisors. In order to demonstrate that supervisory employees are liable under the Eighth Amendment for failure to train prison employees, a prisoner must demonstrate that the supervisors conducted themselves in a reckless or malicious manner or that their actions were, in fact, deliberate. See Jeffers v. Gomez, 267 F.3d 895, 916 (9th Cir. 2001). Plaintiff fails to make

---

[2]Plaintiff asserts that he has "filed a claim with San Joaquin County and they have ascertained the names [of TDS I and TDS II]"

any such allegations in his complaint. Plaintiff has also failed to state a cognizable Fourteenth Amendment due process claim against Jeanne Woodford, C.J. Serpa, Robert Heidelbach, J.Doe 11, Warden of Deuel Vocational Institute (DVI), and J. Does 12-15, unknown supervisors.

**III. Conclusion**

Because it is possible that the deficiencies in plaintiff's complaint may be cured by amendment, plaintiff is given leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint states a cognizable claim for violations of the Eight Amendment against defendant TDS I, defendant TDS II and defendant J. Doe 1 (sallyport guard);

2. Plaintiff's complaint fails to state a cognizable claim for relief under the Fourteenth Amendment against TDS I, defendant TDS II and defendant J. Doe 1 (sallyport guard) for the reasons discussed above. Failure to file an amended complaint will result in a recommendation that the Fourteenth Amendment claim against TDS I, defendant TDS II and defendant J. Doe 1 (sallyport guard) is dismissed from this action.

3. Plaintiff's complaint fails to state a cognizable claim for relief against Jeanne Woodford, C.J. Serpa, Robert Heidelbach, J.Doe 11, Warden of Deuel Vocational Institute (DVI), and J. Does 12-15, unknown supervisors for the reasons discussed above. Failure to file an amended complaint will result in a recommendation that these defendants are dismissed from this action.

4. Plaintiff is granted thirty days to file a second amended complaint. If plaintiff fails to file an amended complaint, the court will assume that plaintiff chooses to proceed on the amended complaint filed on February 13, 2006.

5. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: March 29, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE