IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Christopher Henry Young

    Plaintiff,                               No. CIV S-05-0736 FCD CMK P

    vs.

Transportation Deputy Sheriff I, et al.

    Defendants.                        ORDER

_____/

        Plaintiff, who is proceeding without counsel and in forma pauperis, brings this action alleging that defendants violated his Fourteenth Amendment Rights and Eighth Amendment rights. On March 29, 2006, this court directed plaintiff to show cause why he failed to comply with the court's order directing him to file a formal change of address. On March 30, 2006, this court issued an order granting plaintiff to file an amended complaint against several of the defendants within thirty days. Both of these orders were returned as undeliverable and never served on plaintiff.

        As plaintiff filed a notice of change of address on April 6, 2006, the court discharges its March 29, 2006 order to show cause. (Doc. 20.) The court vacates its March 30, 2006 order (doc. 21) and issues the following order.

1

By order filed December 7, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

**I.    Screening of the Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II. Plaintiff's Complaint

Plaintiff names five defendants in his amended complaint: San Joaquin County Deputy Sheriff Transporation Officer I (TDS I); San Joaquin County Deputy Sheriff Transportation Officer II (TDS II); Jeanne Woodford, Director of the CDCR; C.J. Serpa, Captain Custody Division and; Robert Heidelbach, San Joaquin County Sheriff-Coroner. He also names several doe defendants: J. Does 1-10, CDCR employees responsible for plaintiff's safety while on CDCR property; J. Doe 11, Warden of Deuel Vocational Institute (DVI) and; J. Does 12-15, unknown supervisors.

Plaintiff brings two claims for relief. Plaintiff's first claim for relief is that Transportation Officers I and II and Does 1-5[1] violated his Eighth and Fourteenth Amendment rights. Plaintiff's second claim is that Jeanne Woodford, C.J. Serpa, Robert Heidelbach, J.Doe 11, Warden of Deuel Vocational Institute (DVI), and J. Does 12-15, unknown supervisors failed to properly train defendants TDS I and II and J. Does 1-10, resulting in injuries to plaintiff.

Plaintiff's first claim states that plaintiff, who is Caucasian, was beaten by another inmate, an Hispanic, who was a member of the "Northerner" gang. Plaintiff states that TDS I and II, who were transporting him in a Sheriff's Department Van, were warned by the DVI sallyport guard that plaintiff should not be in a van with a "Northerner." TDS I and II ignored the warning, which resulted in plaintiff's attack. Plaintiff asserts that he sustained various injuries, including broken dentures and head and torso trauma. Plaintiff states that he reported his injuries to a prison medical technical assistant, but prison guards refused to provide plaintiff with treatment for his injuries before he was transferred from DVI.

///
///

---

[1] In his complaint plaintiff asserts that defendants include CDC employees J. Does 1-10, however in the written portion of his complaint, plaintiff references CDC employees J. Does 1-5. In claim two he alleges claims against J. Does 11 and J. Does 12-15. Accordingly the court assumes that plaintiff means to assert claims against only 5 unnamed CDC employees.


Plaintiff alleges that these actions violated the Fourteenth Amendment by denying him due process of law and violated the Eight Amendment by subjecting him to cruel and unusual punishment and deliberate indifference.

In his second claim, plaintiff asserts that Jeanne Woodford, C.J. Serpa, Robert Heidelbach, J.Doe 11, Warden of Deuel Vocational Institute (DVI), and J. Does 12-15, unknown supervisors failed to properly train defendants TDS I and II and J. Does 1-10, which was the proximate cause of plaintiff's injuries. Plaintiff asserts that failure to properly train sheriff's department and prison employees violated his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment.

A.  Actions of All Defendants Not Identified

Of the twenty defendants named in plaintiff's complaint, plaintiff has identified actions by only three of them—TDS I, TDS II and J. Doe 1, presumably the sallyport guard who warned that plaintiff should not be transported with the "Northerner." If plaintiff chooses to amend his complaint, he must allege in specific terms how each defendant is involved. There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo v Goode, 423 U.S. 362 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

B.  Actions of All Defendants do Not Meet Deliberate Indifference Standard

A prisoner may establish a claim under the Eighth and Fourteenth Amendments against prison officials when the officials acted with "deliberate indifference" to the threat of serious harm or injury by another prisoner. See Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982). To show deliberate indifference, a plaintiff must show that prison officials knew of and disregarded an excessive risk to inmate safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1984). Plaintiff has alleged that three defendants, TDS I, TDS II and J. Doe 1, knew of and disregarded

an excessive risk to his safety. If plaintiff chooses to amend, he must allege that each defendant was aware of and disregarded an excessive risk to his safety.

### C. Medical Claim Does Not Meet Estelle Standard

Plaintiff medical claim centers on him being denied permission to go on sick call, and presumably receive medical treatment. In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." See id. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference' 'negligence,' or 'malpractice' will not support this cause of action. Broughton v. Cutter Lab, 622 F.2d 458, 460 (9th Cir. 1980). Deliberate indifference may be shown by allegations that the delay in treatment lead to further injury. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)(overruled on other grounds). If plaintiff chooses to amend his complaint he must demonstrate that the delay in his treatment lead to further injury.

### D. Failure to Establish Supervisory Liability

The gist of plaintiff's claims against Jeanne Woodford, C.J. Serpa, Robert Heidelbach, J.Doe 11, Warden of Deuel Vocational Institute (DVI), and J. Does 12-15, unknown supervisors is that they failed to properly train subordinate employees. In order to demonstrate that supervisory employees are liable for failure to train prison employees, a prisoner must demonstrate that the supervisors conducted themselves in a reckless or malicious manner or that their actions were, in fact, deliberate. See Jeffers v. Gomez, 267 F.3d 895, 916 (9th Cir. 2001). If plaintiff chooses to amend his complaint, he must allege that these defendants conducted themselves in a reckless manner.

///

///

## IV. Conclusion

Because plaintiff has failed to state a claim upon which relief can be granted, the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IT IS HEREBY ORDERED that:

1. The Order to Show Cause filed on March 29, 2006 (doc. 20) is discharged;

2. The court's March 30, 2006 order screening plaintiff's complaint (doc. 21) is vacated; and

3. Plaintiff's complaint is dismissed, for the reasons discussed above, with leave to amend the complaint with in thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED:  May 25, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE