IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER HENRY YOUNG,

    Plaintiff,                    No. CIV S-05-0736 FCD CMK P

    vs.

TRANSPORTATION DEPUTY SHERIFF I, et al.,

    Defendants.

_____/        ORDER

        Plaintiff is a state prisoner proceeding without counsel with this civil rights action.  By order filed May 26, 2006, plaintiff's complaint was dismissed with thirty days leave to file an amended complaint.  After being granted an extension of time, plaintiff filed an amended complaint.

        Pursuant to 29 U.S.C. § 1915A(a), the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § A(b)(1)(2).

///

1  In his amended complaint, plaintiff names the following defendants. J. Doe 1,
2  Warden at Deuel Vocational Institute (DVI); J. Does 2-5, California Department of Corrections
3  and Rehabilitation (CDCR) employees; Transportation Deputy Sheriff (TDS) I; TDS II; Jeanne
4  S. Woodford; C.J. Serpa; and Robert Heidelbach.  Plaintiff alleges that he is a Caucasian, and
5  TDS I and TDS II were transporting plaintiff in a van with an Hispanic inmate, who was a
6  member of the "Northerner" gang, to DVI.  The DVI sallyport guard, J. Doe2,  warned TDS I
7  and TDS II that plaintiff should not be in a van with a "Northerner."  TDS I and TDS II ignored
8  the warning.  J. Doe 2 did nothing to assist plaintiff.   As soon as the van left the sallyport, the
9  "Northerner" attacked plaintiff.  The attack lasted over a minute and plaintiff sustained various
10 injuries.  TDS I and TDS II did not stop the van or do anything else to stop the attack.
11  Plaintiff alleges that he reported his injuries to a prison medical technical
12 assistant, but prison guards refused to provide plaintiff with treatment for his injuries before he
13 was transferred from DVI.
14  Plaintiff alleges that defendants C.J. Serpa, Robert Heidelbach, and Does 3-5 are
15 liable on the basis of their supervisory capacity.  Specifically, he alleges that these defendants
16 failed to properly supervise TDS I and TDS II.  Supervisory personnel are generally not liable
17 under 42 U.S.C. § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040,
18 1045 (9th Cir. 1989)(citation omitted).  A supervisor is only liable for the constitutional
19 violations of subordinates if the supervisor participated in or directed the violations, or knew of
20 the violations and failed to act to prevent them.  See id.  When a defendant holds a supervisory
21 position, the causal link between him and the claimed constitutional violation must be
22 specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  Vague and
23 conclusory allegations concerning the involvement of supervisory personnel in civil rights
24 violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
25 ///
26 ///

Here, plaintiff has not alleged anything beyond vague and conclusory allegations concerning defendants C.J. Serpa and Robert Heidelbach. Accordingly, service is not appropriate for these defendants.

To the extent that plaintiff alleges that defendant Woodford and Defendant John Doe 1, DVI Warden, were deliberately indifferent to plaintiff's safety or medical needs by virtue of supervisory liability, he also fails to state a claim. However, to the extent that plaintiff alleges that defendants Woodford and Doe 1 are liable by virtue of their knowledge of a policy that resulted in plaintiff's injury, he does state a claim for relief. A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See id. For example, denial of appeals is, in some cases sufficient to establish supervisory liability, see Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992), and knowledge of a policy and practice that allegedly resulted in an inmates rape could be sufficient to establish liability. See Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991)(en banc). Accordingly, service is appropriate for defendants Woodford and Doe 1only on the grounds that they knew of a policy which resulted in plaintiffs' injuries.

The court finds that plaintiff's amended complaint states a cognizable claim for relief against defendants TDS I, TDS II, and J. Doe 1 for deliberate indifference to his safety and against defendants Woodford and Doe 1 on the grounds that they knew of a policy which resulted in plaintiffs' injuries. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. Plaintiff will be directed to provide forms and copies required for service of these defendants.

Plaintiff's amended complaint identifies three Doe defendants: TDS I, TDS II and Doe 1, Warden of DVI. The court cannot order service of process on fictitious defendants. Doe defendants are not favored in the Ninth Circuit as a general policy. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980); Velasquez v. Senko 643 F.Supp. 1172, 1180 (N.D.Cal.1986).

However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir.1978), cert. denied, 439 U.S. 970 (1978); see, Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430-431 n.24 (9th Cir.1977); also, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13(1978).

Upon discovering the name of the "Doe" defendants, [or any of them], plaintiff must promptly file a motion for leave to amend, accompanied by a proposed amended complaint identifying the additional defendant or defendants. Plaintiff is cautioned that undue delay in discovering defendants' names and seeking leave to amend may result in the denial of leave to proceed against these defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendant: Jeanne Woodford[1]

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint filed July 10, 2006.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for the defendant listed in number 3 above; and

    d. Two copies of the endorsed complaint filed July 10, 2006.

4. Plaintiff need not attempt service on defendant and need not request waiver of

---

[1] Although plaintiff states a claim for relief against TDS I, TDS II, and Doe 1, the court cannot order service on "Doe" defendants.

4

service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

      5. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. <u>See</u> Local Rule 11-110.

DATED: December 12, 2006.

                                                                          **CRAIG M. KELLISON**
                                                                         UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|                          |                          |
|--------------------------|--------------------------|
| Plaintiff,               | No. CIV                  |
| vs.                      |                          |
|                          | NOTICE OF SUBMISSION     |
| Defendants.              | OF DOCUMENTS             |
| _____ / |                          |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____ completed summons form

    ____ completed USM-285 forms

    ____ copies of the _____
                               Complaint/Amended Complaint

DATED:

                                              _____
                                              Plaintiff