IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HENRY YOUNG, | No. CIV S-05-0736-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TRANSPORTATION DEPUTY SHERIFF I, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

Pending before the court is defendant Woodford's Motion to Dismiss (Doc. 40) filed May 21, 2007. Plaintiff filed his Opposition to the Motion to Dismiss on June 7, 2007 (Doc. 41) and defendant's Reply was filed on June 11, 2007 (Doc. 42).

Defendant Woodford asserts in her Motion to Dismiss that plaintiff failed to exhaust his administrative remedies prior to filing this action. Plaintiff claims he attempted to exhaust his administrative remedies but was unable to do so because his inmate grievance was improperly screened out and the prison officials' refused to process his appeals.

1

1    Prisoners seeking relief under § 1983 must exhaust all available administrative
2 remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory
3 regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling
4 Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of
5 the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies
6 while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The
7 Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S.Ct. 910
8 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in
9 the complaint because lack of exhaustion is an affirmative defense which must be pleaded and
10 proved by the defendants; (2) an individual named as a defendant does not necessarily need to be
11 named in the grievance process for exhaustion to be considered adequate because the applicable
12 procedural rules that a prisoner must follow are defined by the particular grievance process, not
13 by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some,
14 but not all, claims are unexhausted. The Supreme Court also held in Woodford v. Ngo, 126 S.Ct.
15 2378, 2385-88 (2006), that, in order to exhaust administrative remedies, the prisoner must
16 comply with all of the prison system's procedural rules and that partial compliance is not enough.

17    A prison inmate in California satisfies the administrative exhaustion requirement
18 by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of
19 Regulations. In California, inmates "may appeal any departmental decision, action, condition, or
20 policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code
21 Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through several
22 levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution
23 head; (4) third level appeal to the director of the California Department of Corrections and
24 Rehabilitation. A decision at the third formal level, which is also referred to as the Director's
25 level, is not appealable and concludes a prisoner's departmental administrative remedy. See Cal.
26 Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may

summarily deny a prisoner's untimely administrative appeal. See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c). If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached. The list must be legible and state the inmates' names, departmental identification numbers, and housing assignment. The form must also be signed by all participating inmates. Currently, California regulations do not contain any provision specifying who must be named in the grievance.

The exhaustion requirement is an administrative law that gives the agency a fair and full opportunity to adjudicate the claims. "Administrative law does this by requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" Woodford v. Ngo 126 S. Ct. at 2385 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)).

Defendant claims plaintiff has failed to exhaust his administrative remedies by obtaining a final Director's level review. In support of her motion, defendant has submitted a declaration of N. Grannis, the Chief of the Inmate Appeals Branch in Sacramento. According to the declaration, plaintiff has only obtained a Director's level review on one inmate grievance between May 4, 2004 (the date of the incident) and April 15, 2005 (the date this action was filed). That one appeal concerned the failure of correctional staff to provide him with pens and paper, and had nothing to do with begin assaulted by another inmate, which is the claim in plaintiff's complaint.

Plaintiff claims he attempted to exhaust his administrative remedies, but his inmate grievance was improperly screened out and he was not allowed to proceed through the system. Plaintiff had the opportunity to provide to this Court some proof of attempting to exhaust his administrative remedies, and has failed to do so. This Court advised plaintiff that to oppose a motion to dismiss for failure to exhaust administrative remedies, he may submit affidavits or declarations under penalty of perjury and admissible documentation to support the

motion to dismiss. See Order (Doc. 36) at 3. In an apparent attempt to support his opposition, plaintiff submitted over 200 pages of other prisoners' attempts to file inmate grievances. Most of these relate to an inmate by the name of Barry S. Jameson. In addition, plaintiff attached an affidavit of Mr. Jameson detailing some of Mr. Jameson's difficulties in processing his inmate grievances. Mr. Jameson's grievances are not at issue in this case and have no bearing on this matter. None of the exhibits are copies of plaintiff's inmate grievance forms or evidence of his attempts to exhaust his administrative remedies. In addition, plaintiff has not submitted any affidavits concerning his own difficulties with the inmate grievance system. Consequently, plaintiff has not submitted any support for his assertions that he attempted to exhaust his administrative remedies prior to filing this action, and the undersigned cannot find he has done so.

Based on the foregoing, the undersigned recommends that the Motion to Dismiss (Doc. 40) be granted and this case be dismissed for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE