**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER HENRY YOUNG, | No. CIV S-05-0736-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| TRANSPORTATION DEPUTY SHERIFF I, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action in April 2005.  He named several Doe in his complaint, alleging the defendants were deliberately indifferent to his safety.  On December 12, 2006, the court found Plaintiff's complaint stated a claim against defendant Woodford, John Doe 1, Transportation Deputy Sheriff (TDS) I and TDS II.  However, the court only authorized service on defendant Woodford, and informed Plaintiff that court is unable to order service of process on fictitious defendants.  The court also informed Plaintiff that he must discover the name of the "Doe" defendants and file a motion for leave to amend, accompanied by a proposed amended complaint, identifying the additional defendants.  He was cautioned that undue delay in discovery of the defendants' names and seeking leave to amend may result in the denial of leave

1   to proceed against those defendants (See Doc. 33).

2          Plaintiff provided service information for defendant Woodford, who was

3   successfully served with process in February 2007.  Defendant Woodford filed a motion to

4   dismiss for Plaintiff's failure to exhaust his administrative remedies, which was granted in

5   February 2008.  Plaintiff then appealed the dismissal of this action.  On July 6, 2009, the Ninth

6   Circuit Court of Appeals issued an opinion which found this action had been properly dismissed

7   against defendant Woodford for Plaintiff's failure to exhaust his administrative remedies.

8   However, the judgment was vacated and the matter remanded "for the district court to resolve the

9   action with respect to the unserved County Doe defendants."  The Ninth Circuit directed that

10  Plaintiff

11          should be allowed an opportunity to discover the names of the two
            County Transportation Deputy Sheriffs. *See Wakefield v.*
12          *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that when
            the identities of alleged defendants are not known before the filing
13          of a complaint, the plaintiff should be given an opportunity through
            discovery to identify the unknown defendants, unless it is clear that
14          discovery would not uncover the identities, or that the complaint
            would be dismissed on other grounds.).

15

16          The undersigned notes that Plaintiff was informed in December 2006, that he

17  needed to discover the names of the Doe defendants, including the transportation deputy sheriffs,

18  in order for the court to order service on those individuals.  He therefore had over a year to

19  discover the names of those individuals prior to the dismissal of this action.  However, pursuant

20  to the Ninth Circuit's mandate, Plaintiff will be provided another opportunity to discover the

21  names of these unknown defendants, and file a second amended complaint.  Plaintiff is cautioned

22  that the only remaining defendants in this case are the county transportation deputy sheriffs,

23  identified in his amended complaint as TDS I and TDS II.

24          Plaintiff is informed that, as a general rule, an amended complaint supersedes the

25  original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, all

26  claims alleged in the original complaint which are not alleged in the amended complaint are

1  waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends

2  the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended

3  complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself

4  without reference to any prior pleading.  See id.

5          Plaintiff is also warned that failure to file an amended complaint within the time

6  provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-

7  61; see also Local Rule 11-110.  Plaintiff is further warned that a complaint which fails to

8  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule

9  41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

10          Accordingly, IT IS HEREBY ORDERED that plaintiff shall file a second

11  amended complaint within 60 days of the date of service of this order, identifying county

12  transportation deputy sheriffs, identified in his amended complaint as TDS I and TDS II.

13

14

15   DATED:  October 13, 2009

16                                                    _____
                                                      CRAIG M. KELLISON
17                                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

3