IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. YOUNG, | No. CIV S-05-0736-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TRANSPORTATION DEPUTY SHERIFF I, et al. | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On October 13, 2009, the court directed plaintiff to file an amended complaint within 60 days. Plaintiff failed to do so. On April 22, 2010, the undersigned recommended this action be dismissed for Plaintiff's failure to file an amended complaint as ordered. Plaintiff filed objections to the findings and recommendations, stating he never received the undersigned's findings and recommendations, and requested additional time to file his amended complaint.[1] On May 14, 2010, the undersigned then vacated the findings and recommendations, provided a copy of the court's previous order, and allowed Plaintiff an additional 30 days in which to file his

---

[1] All of the court's orders have been served on Plaintiff at the Oakdale, California address he has provided the court.

amended complaint.  Plaintiff was again warned that failure to file an amended complaint may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.  To date, plaintiff has not complied.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to file an amended complaint as directed, the undersigned finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written

/ / /

/ / /

1 | objections with the court. Responses to objections shall be filed within 14 days after service of
2 | objections. Failure to file objections within the specified time may waive the right to appeal.
3 | See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 30, 2010

```
                                    /s/ Craig M. Kellison
                                    CRAIG M. KELLISON
                                    UNITED STATES MAGISTRATE JUDGE
```